UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TUREYGUA INARU,

Plaintiff,

v. Case No. 8:26-cv-2174-JLB-SPF

SHERIFF GRADY JUDD, *et al.*,

Defendants.
_______________________________/

**ORDER**

Plaintiff Tureygua Inaru filed a *pro se* civil rights complaint (Doc. 1) and a motion to proceed *in forma pauperis*. (Doc. 2). In her complaint, Ms. Inaru alleges that: 1) Defendant Deputy #7546 of the Polk County Sheriff's Office provided false information in an affidavit to obtain a warrant for her arrest; 2) she was arrested and transported to Polk County Jail, where jail officials physically and sexually assaulted her during the booking process and improperly placed her in a "suicide watch" cell that was "unhygienic" and infested with ants; 3) Defendant Officer Wilson failed to protect her from another inmate and enticed other female prisoners into having sexual relationships; 4) she had a severe case of lice after jail officials placed her in jail cells that were infested with lice; and 5) Defendant Sheriff Judd had policies or customs that caused both the unconstitutional conditions of

confinement and hiring of Officer Wilson.

## I. Discussion[1]

Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Thus, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "[A] plaintiff may join multiple defendants in a single action only if the right to relief asserted against them arises 'out of the same transaction, occurrence, or series of transactions or occurrences' and if 'any question of law or fact common to all defendants will arise in the action.'" *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (quoting Fed.R.Civ.P. 20(a)). "Unrelated claims against different defendants belong in different suits . . . ." *George*, 507 F.3d at 607.

Ms. Inaru's complaint does not raise multiple claims against a single party. Rather, it asserts separate claims for relief involving different

[1] Because Ms. Inaru moves to proceed *in forma pauperis* under 28 U.S.C. § 1915 (Doc. 2), the Court is required to screen the complaint under 28 U.S.C. § 1915(e)(2)(B). *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying section 1915(e) to non-prisoner actions).

defendants and different transactions or occurrences at different times and locations. Ms. Inaru's false arrest and malicious prosecution claims against Deputy #7546 do not belong in the same action as his conditions of confinement claims against Sheriff Judd and Officer Wilson.

In addition, the complaint amounts to a "shotgun pleading." Shotgun pleadings violate Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" by "fail[ing] to one degree or another...to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015).

Shotgun pleadings are disfavored because, among other reasons, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks and citations omitted).

The Eleventh Circuit has recognized four types of shotgun pleadings. *Weiland*, 792 F.3d at 1321–23. The first type of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came

before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second is a pleading "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third fails to "separate[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23. And the fourth type asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

The Court finds that the complaint violates category four. The complaint does not adequately specify which Defendants are responsible for which actions. For example, the complaint does not specify which Defendants are responsible for the actions asserted in Counts II and III. (Doc. 1 at 4-5). In fact, those counts appear to largely raise allegations about the actions of non-parties ("unnamed booking personnel"; "jail staff"). (*Id.*).

Accordingly, it is **ORDERED**:

1. This case is **DISMISSED** under Rules 8 and 20 of the Federal Rules of Civil Procedure. The dismissal is without prejudice to Ms. Inaru filing new complaints—in new cases with new case numbers—that do not improperly join parties and unrelated claims in a single cause of action.

2. The Clerk is **DIRECTED** to terminate any pending motions as moot,

enter judgment accordingly, and close this case.

**DONE and ORDERED in Tampa, Florida, on August 10, 2026.**

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE